| | |
|---|---|
| **WAYNE GREENWALD, P.C.** | Hearing Date: August 21, 2018 |
| *Attorneys for the Debtor,* | Hearing Time: 10:00 a.m. |
| *Igor Eric Kuvykin* | |
| 475 Park Avenue South - 26th Floor | |
| New York, New York 10016 | |
| 212-983-1922 | |
| Wayne Greenwald | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
In re                                                                               Case No.:
                                                                                        18-10760-JLG
IGOR ERIC KUVYKIN,                                                     In Proceedings for
                                                                                        Reorganization under
                                            Debtor.                         Chapter 11
-------------------------------------------------------------------X

**THE DEBTOR'S OPPOSITION TO**
**WB KIRBY HILL, LLC'S MOTION FOR THE**
**IMMEDIATE PAYMENT OF AN ADMINISTRATION EXPENSE**
**WITH POINTS AND AUTHORITIES**

TO:   HON. JAMES L. GARRITY, JR.
        UNITED STATES BANKRUPTCY JUDGE

The Debtor, Igor Eric Kuvykin, by his attorneys represents:

**PRELIMINARY STATEMENT**

1. The objects to WB Kirby Hill, LLC's ("Kirby Hill") motion seeking orders

compelling the Debtor to pay immediately a purported administration

expense based on use and occupancy of the property (the "Property") known

- 1 -

as 11 Mansion Hill Drive, Muttontown, New York (the "Motion").

2. The Motion should be denied because:

    a.) the Motion did not show that the purported use and occupancy actually benefitted the estate. *In re Ass'n of Graphic Commc'ns, Inc.*, 2011 WL 1226372, at *6 (S.D.N.Y.);

    b.) the rate sought to be charged for use and occupancy ignores the Property's numerous problems and defects.

    c.) Kirby Hill has not provided "quiet enjoyment" of the Property.

    d.) The amount sought to be charged ignores the benefit Kirby Hill receives by having the Property occupied.

These matters are elucidated herein.

## THE MOTION SHOULD BE DENIED

**No Benefit to Estate Shown**

3. An administration expense award requires Kirby Hill showing the Debtor's using and occupying of the Property actually benefitted the Debtor's estate. *In re Ass'n of Graphic Commc'ns, Inc.*, 2011 WL 1226372, at *6 (S.D.N.Y.), citing, *In re Cardinal Export Corporation*, 30 B.R. 682, 684 (Bankr.E.D.N.Y.1983).

4.     The Motion does not show that.

5.     "Furthermore, any claim under § 503(b)(1)(A) would be limited to the actual benefit to the estate." *Id.*

6.     The Motion fails to show that too.

7.     It is true that the Debtor and his family occupy the Property.

8.     But that does not necessarily benefit the Debtor's estate.

9.     This is especially so, because Kirby Hill prosecuting proceedings to evict the Debtor and his family from the Property.

10.     Thus, the Debtor is forced to direct energy and effort away from enhancing his estate and reorganization.

11.     Instead, the Debtor must address the eviction proceeding and the possibility of his family being homeless.

12.     This does not benefit the estate.

### **Value Overrated**

13.     Kirby Hill sets monthly use and occupancy charges at $25,000.

14.     This ignores the Property's problems and condition.

15.     The Debtor reports the following as among the Property's problems.

        a.)     leaking roof;

      b.)    mold;

      c.)    asbestos;

      d.)    faulty electrical and lighting systems;

      e.)    interior ceilings collapsing;

      f.)    odor emanating from the basement (believe caused by mold);

      g.)    driveway in disrepair;

      h.)    lack of security (which caused a theft at the Property);

      I.)    Kirby Hill using the Property's water system to water the entire development (at the Debtor's expense).

16. A property with these shortcomings does not attract a $25,000 per month tenant.

17. If anything, these conditions generate a liability.

18. The Debtor believes, based on research, that one of his daughters developed diabetes due to the undisclosed asbestos on the Property.

19. It seems unlikely that the Property in rentable.

20. A $25,000 monthly rent appears to be fantasy.

**The Value of Keeping the Property Occupied**

21. The Motion does not indicate that the Debtor is depriving Kirby Hill of any

rent or that there is someone interested in renting the Property.

22. Having the Debtor's family at the Property protects the Property from vandalism which could occur if the Property was vacant.

23. The theft at the Property shows that Kirby Hill's security service is worthless to the Property.

24. Hiring security to protect the Property would be expensive.

25. The Debtor and his family protecting the Property costs Kirby Hill nothing.

26. Kirby Hill failed to prove its entitlement to an administration expense.

27. The Motion should be denied

**WHEREFORE**, the Debtor requests that this Court issue orders: a.) denying the Motion: and b.) granting such other and further relief as this Court deems proper.

Dated: New York, New York
      August 14, 2018

    WAYNE GREENWALD, P.C.
    *Attorneys for the Debtor,*
    *Igor Eric Kuvykin*
    475 Park Avenue South - 26th Floor
    New York, New York 10016
    212-983-1922

    By: /s/ Wayne M. Greenwald Pres.
        Wayne M. Greenwald

## VERIFICATION

Igor Eric Kuvykin, declares:

1. I am the Debtor in this case and have personal knowledge of the facts stated herein.

2. I have reviewed the foregoing opposition, know the contents thereof and same are true to the best of my knowledge, information and belief except as to those matters which are alleged upon information and belief and as to those matters I believe them to be true.

3. I declare the preceding statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, NY
      August 14, 2018

                                                      _____/s/ Igor Erick Kuvykin____
                                                          Igor Eric Kuvykin