WAYNE GREENWALD, P.C.          Hearing Date November 15, 2018
*Attorneys for the Debtor*          Hearing Time: 10:00 a.m.
*Igor Erick Kuvykin*
at 475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re                                                                Case No.:
                                                                          18-10760 -JLG
IGOR ERIC KUVYKIN,                                       In Proceedings for
                                                                          Reorganization under
                                             Debtor.          Chapter 11
-----------------------------------------------------------X

**DEBTOR'S RESPONSE TO WB KIRBY HILL LLC'S**
**MOTION TO CONVERT THIS CASE AND SECOND BELATED**
**OBJECTION TO THE STIPULATION TO DISMISS THIS CASE**

**TO:   HON. JAMES L. GARRITY, JR.**
          **UNITED STATES BANKRUPTCY JUDGE**

Igor Eric Kuvykin, the Debtor, by his attorneys represents:

**PRELIMINARY STATEMENT**

1. The Debtor objects to WB Kirby Hill LLC's ("Kirby Hill") motion to convert this case to one under chapter 7 (the "Motion") and second belated objection to the stipulation (the "Stipulation") for an order dismissing this

case (the "Objection").

2. The Motion should be denied as:

   a. It is made on two days notice;

   b. Whether all creditors were served is unknown;

   c. It makes false statements of fact;

   d. Conversion is not in the best interests of creditors.

   e. Objections to the Stipulation were due on November 6, 2018. Both of Kirby Hill's objections were served late.

## THE OBJECTION SHOULD BE OVERRULED

3. The Notice of Settlement for the Stipulation required objections by November 6, 2018.

4. Kirby Hill first filed an objection on November 8, 2018.

5. It then filed its Motion and second Objection on November 13, 2018.

6. Both are untimely and should be overruled.

## THE MOTION SHOULD BE DENIED

*Short Notice*

7. Motions to dismiss or convert a chapter 11 case require twenty-one days

prior notice to all creditors. See, FRBP 2002(a)(4),

8. The Motion is made on two days notice.

9. This short noticing is apparently to catch the Debtor off guard and unprepared to oppose the Motion fully.

10. Nor is it known who was served.

11. This is a basis to deny the Motion.

*Fear of Refiling*

12. The Motion refers to the Debtor as a serial filer.

13. This is easily prevented by the dismissal order providing a bar to filing for a given period.

*Kirby Hill's Administration Claim*

14. The Motion contends that the Debtor wants to negate this Court granting Kirby Hill and administration claim.

15. The Debtor proposed that the order dismissing this case preserve all the orders and judgments issued in this case.

16. The Debtor challenges Kirby Hill's right to a money judgment from this Court based on the allowance of the administration claim.

17. Whatever rights this Court gave Kirby Hill are preserved after this case's dismissal.

*Dismissal is Against Creditors' Best Interests*

18. The Motion pretends that a chapter 7 trustee can marshal assets for creditors.

19. This ignores that the absence of the automatic stay in this case.

20. Any trustee will be competing with Kirby Hill and IPayment for those assets.

21. Nor is it likely that a trustee will pursue a claim scheduled by the Debtor which the Debtor has not pursued.

*Continued Litigation*

22. Dismissal also resolves the pending action by IPayment against the Debtor.

23. The case is dismissed without the Debtor receiving a discharge.

24. Conversion results in litigation which the parties have resolved through this case's dismissal.

*The Case is a Three Party Dispute*

25. The Debtor commenced this case in the hope of reorganizing.

26. He sees that a chapter 11 reorganization is not feasible.

27. The parties never lost the ability to pursue their state law rights.

28. However, Kirby Hill now wants a chapter 7 trustee to work for it.

29. That is anathema to the Bankruptcy Code.

30.  The Motion should be denied.

31.  The Objection should be overruled.

32.  The Court should approve the Stipulation dismissing the case which preserves the creditors' right received during this case.

**WHEREFORE**, the Debtor asks the Court to enter orders: a.) denying the Motion; b.) approving the Stipulation; and c.) granting such other and further relief as the Court deems proper.

Dated; New York, NY
    November 14, 2018    WAYNE GREENWALD, P.C.
*Attorneys for the Debtor,*
*Igor Eric Kuvykin*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

/s/Wayne M. Greenwald