WAYNE GREENWALD, P.C.  Hearing Date: December 12, 2018
*Attorneys for the Debtor*  Hearing Time: 4:00 p.m.
*Igor Erick Kuvykin*
at 475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re                                        Case No.:
                                             18-10760 -JLG
IGOR ERIC KUVYKIN,                           In Proceedings for
                                             Reorganization under
                          Debtor.            Chapter 11
------------------------------------------------------------X

**DEBTOR'S SUPPLEMENT RESPONSE TO WB KIRBY HILL LLC'S MOTION TO CONVERT THIS CASE AND SECOND BELATED OBJECTION TO THE STIPULATION TO DISMISS THIS CASE**

**TO:   HON. JAMES L. GARRITY, JR.**
       **UNITED STATES BANKRUPTCY JUDGE**

Igor Eric Kuvykin, the Debtor, by his attorneys represents:

**PRELIMINARY STATEMENT**

1.   The Debtor hereby supplements his previously filed objection to WB Kirby Hill LLC's ("Kirby Hill") motion to convert this case to one under chapter 7 (the "Motion") and second belated objection to the stipulation (the

- 1 -

"Stipulation") for an order dismissing this case (the "Objection").

2. Initially, the Debtor adopts and incorporates by reference the "dismissal versus conversion" Argument of "iPayment's Supplemental Response to WB Kirby's Objection to Amended Stipulation and Order Dismissing Chapter 11 Case and Request to Convert the Case to a Chapter 7 Case" ("iPayment's Supplement" pp. 3-12).

## THE MOTION SHOULD BE DENIED

### Dismissal is Against Creditors' Best Interests

3. The Objection discussed how any trustee will be competing with Kirby Hill and IPayment for assets.

4. This competition is disfavored. See, *In re Mu'min,* 374 B.R. 149, 162–63 (Bankr. E.D. Pa. 2007), *In re E.F. Hutton Sw. Properties II, Ltd.*, 103 B.R. 808, 814–15 (Bankr. N.D. Tex. 1989).

5. Despite the automatic stay's absence, Kirby Hill made no effort as an unsecured creditor. Its only effort is gaining control of its collateral.

6. Now, Kirby Hill wants a trustee to be its collection agent.

7. In contrast, iPayment attempted collection on its claim.

8. Albeit, that effort was tabled.

9. "In essence, [Kirby Hill] now seeks to use the protections of the bankruptcy process for its own benefit, after seeking dismissal for its own benefit." *In re Jude Thaddeus Partners 1, Inc.*, 2010 WL 4496836, at *8 (Bankr. E.D.N.Y.)(Electing dismissal over dismissal).

**Less than Valuable Assets**

10. Kirby Hill refers to the debtor's schedules' reference to equity interests in Accelerated Technologies Holding Corp. ("ATHC") and Intelagy LLC.

11. The Schedules shows that the interest in ATHC is restricted.

12. Its value is therefore dubious.

13. The schedules state Intelagy LLC's value at $2,500.

14. That is no great value to the estate.

*The Case is a Three Party Dispute*

15. The only active creditors in this case are iPayment and Kirby Hill.

16. They are active and vocal.

17. iPayment appears to be the largest unsecured creditor in this case.

18. It voiced its desire for dismissal.

19. The Court should approve the Stipulation dismissing the case which preserves the creditors' right received during this case.

**WHEREFORE**, the Debtor asks the Court to enter orders: a.) denying the

Motion; b.) approving the Stipulation; and c.) granting such other and further

relief as the Court deems proper.

Dated;  New York, NY
      November 26, 2018      WAYNE GREENWALD, P.C.
*Attorneys for the Debtor,*
*Igor Eric Kuvykin*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

/s/Wayne M. Greenwald